**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN ERNESTO GUZMAN BARRON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARKWAYNE MULLIN, ETC., ET AL.,<br><br>　　　　Respondents. | No. ED CV 26-2881-E<br><br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Verified Petition" ("the Petition") on May 27, 2026.  Respondents filed an Answer to the Petition on June 3, 2026.  Petitioner filed "Petitioner's Response, etc." on June 12, 2026.

Petitioner is a citizen of Mexico who has been in ICE detention since May of 2025.  The bulk of the Petition complains of the Government's denial of a bond hearing as a consequence of the Government's new (as of 2025) interpretation of 8 U.S.C. section 1225.  The Petition seeks a bond hearing under 8 U.S.C. section 1226, although the Petition also prays for "immediate release."

///

Respondents' Answer says little other than:  "Respondent does not [now] oppose a bond hearing."  In the Reply, Petitioner argues that Respondents' failure specifically to address Petitioner's request for immediate release should entitle Petitioner to that remedy.  However, habeas relief may not properly issue as a consequence of a respondent's default.  See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014).

To obtain habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."  See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3).  "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States."  Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).  In the present case, Petitioner has failed to carry his burden of proving entitlement to any relief other than a bond hearing.  To the extent Petitioner relies on conclusory references in the Petition to the conditions of his confinement, Petitioner's reliance is misplaced.  A petitioner may not use the vehicle of a habeas corpus petition to challenge the conditions of confinement.  See Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016), cert. denied, 580 U.S. 1063 (2017).

**ORDER**

For all of the foregoing reasons, the Petition is granted in part.  Within seven (7) days of the entry of Judgment, Respondents must provide Petitioner (A-073-868-577) with a bond hearing before an immigration judge at which the Government bears the burden of proving by

///

///

///

///

2

clear and convincing evidence that the detention of Petitioner is necessary because Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 15, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE